UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUBEN SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. C08-5246BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO DISMISS |

This matter comes before the Court on the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about September 3, 2006, Plaintiff visited the Post Exchange Barbershop ("the Barbershop") located on the Fort Lewis Army base in Washington State, for a barber appointment. During Plaintiff's barber appointment, his neck was nicked by the barber. Plaintiff noticed the injury after the haircut. By the time Plaintiff returned home, the injured area was swollen and infected. The injury reached the point that Plaintiff was forced to visit the emergency room for treatment. The emergency room diagnosed Plaintiff as suffering from a staph infection and Cellulitis. Treatment for the injury required the area to be lanced several times. Plaintiff visited the hospital emergency room

on two separate occasions after the initial treatment due to complications from the original injury.

The Barbershop is located in the Fort Lewis Post Exchange complex on the Fort Lewis Army Base, and is operated and managed by Defendant Gino Morena Enterprises, LLC ("Gino Morena"), d/b/a Post Exchange Barbershop, pursuant to a contract between the Department of the Army, through its Army and Air Force Exchange Service ("AAFES"), and Gino Morena.

**A.  Gino Morena – United States Contract**

At all times relevant to this action, Gino Morena was a contractor of the United States and is referred to as such in the contract between Gino Morena and the United States ("the contract"). The barbers at the Barbershop were hired and paid by Gino Morena, and not the United States. The contract specifies that Gino Morena "will not represent itself to be an agent or representative of AAFES, or any other agency or instrumentality of the United States." Dkt. 8-2 at 20. In addition, the contract required Gino Morena to represent that it "has/had a direct involvement in the day-to-day operation of the business [including] responsibility for employment, supervision, scheduling, production/services, payroll, and purchasing." *Id.* at 9.  It also required Gino Morena to "insure that the barber shop facility is kept clean and orderly at all times, and that sanitary procedures include a thorough daily cleaning of wall units, chairs, and floors. Personal hygiene will be practiced by all barbers at all times." *Id.* at 26. The contract further required Gino Morena to practice various sanitation methods, including "[c]lean[ing] all instruments immediately after they are used for each customer . . . thoroughly [with] soap and hot water." *Id.* at 27.

Finally, the indemnity and hold harmless provision of the contract states, in part:

> Contractor will indemnify, hold harmless, and defend AAFES and all other agencies and instrumentalities of the United States, their agents, representatives, employees and customers from any and all suits, judgments and claims . . . which arise out of any loss, damage, or injury alleged or established to have arisen out of or in connection with any other acts or omissions of the contractor, unless such loss,

ORDER - 2

damage, or injury was caused by or resulted solely from the acts or
omissions of AAFES, its agents, representatives, or employees.

*Id.* at 18.

In response to the United States' motion to dismiss, Plaintiff does not dispute the existence of these contract terms. Plaintiff contends that the terms of the contract are "strict guidelines as to the procedure and practices [that were] forced upon Gino Moreno by the United States Army." Dkt. 10 at 2.

**B.      Plaintiff's Administrative Claim and Civil Complaint**

In September 2007, Plaintiff served an administrative claim (an "SF 95 claim") for damages on the Department of the Army in Fort Lewis. More than six months elapsed from the filing of this claim until Plaintiff filed his complaint in this Court. Apparently, the administrative claim has neither been adjudicated nor denied during the statutory administrative period and the administrative period has now expired. Plaintiff's SF 95 claim alleged as follows:

> **[Section] 8. Basis of Claim**
> Mr. Sanchez was injured at the Barber Shop that operates in the main PX Building on Fort Lewis. A small nick on the back of Mr. Sanchez's head was noticed by him after leaving the barber shop. He noticed the area began swelling when he got to his house. This area had become infected and had to be lanced several times. At the Hospital, Mr. Sanchez was not only diagnosed with a staph infection but also Cellulitis. Mr. Sanchez was forced to go to the emergency room on two separate occasions and missed time from work . . . .
>
> **[Section] 10. Personal Injury/Wrongful Death**
> Mr. Sanchez received a staph infection after going to the Barbershop that operates in the main PX building on Fort Lewis. [T]his infection required trips to the Emergency Room and follow up. Mr. Sanchez lost time from work [due] to this injury.

Dkt. 1, 8-9.

On April 17, 2008, Plaintiff filed a complaint in this Court. Plaintiff alleges that, "[o]n information and belief, the U.S. Government, under the auspices of the Department of the Army, operates Gino Morena Enterprises, LLC d/b/a Post Exchange Barbershop" and that "Gino Morena . . . is an agent of the U.S. Government." *Id.* at 2. Plaintiff alleges

ORDER - 3

jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346, 28 U.S.C. § 2675(a), and 39 C.F.R. 912.9(a).

Plaintiff alleges that his injury "occurred as a direct and proximate cause of the tortuous conduct and/or negligence and carelessness of Defendant Department of the Army ("Army") in that it negligently operated and maintained an unsafe, unhygienic, and unsanitary barber service." *Id.* at 4. Plaintiff further alleges that the Army "failed to comply with applicable safety and hygienic standards and regulations, failed to exercise ordinary care to keep the barber service in a reasonably safe, hygienic, and sanitary condition, . . . failed to warn customers, including Plaintiff, of these [unsafe] conditions, . . . [and] failed to adequately supervise Gino Morena . . . to ensure compliance with applicable safety and hygienic standards." *Id.* Plaintiff also alleges negligence on the part of the Defendant United States "in that it negligently provided unsafe, unhygienic, and unsanitary conditions, . . . failed to comply with [safety] standards and regulations, and it negligently failed to adequately supervise the Department of the Army and Gino Morena." *Id.*, 5-6. Finally, Plaintiff alleges that Defendant Gino Morena was negligent and caused Plaintiff's injuries.

**C.    United States' Motion to Dismiss**

On August 14, 2008, the United States filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. Dkt. 8. The United States contends that the Court lacks subject matter jurisdiction over Plaintiff's claims under the "independent contractor exception" to the Federal Torts Claim Act ("FTCA"), because all of Plaintiff's claims arise from alleged negligence of independent contractors of the United States. The United States also moves to dismiss the Army as a defendant because federal government agencies may not be sued under the FTCA.

On August 29, 2008, Plaintiff filed a response. Dkt. 10. Plaintiff contends that the independent contractor exception does not apply because Plaintiff's injuries were not only a result of negligent conduct of the "independent contractor," but also the negligence of

ORDER - 4

the United States for its failure to ensure and maintain sanitary and hygienic conditions at the Barbershop. Plaintiff maintains that because the United States provided Gino Morena with detailed instruction on how to perform its work, the United States had control over the Barbershop, thus overcoming the independent contractor exception. In addition, Plaintiff contends that because "there is a high probability that [Plaintiff's] infection was in fact caused by contaminated water or [the] sewage system at the base," which is under the Army's control, the Army is responsible for Plaintiff's injuries. Dkt. 10, 4-5. Finally, Plaintiff urges the Court to deny the United States' motion to dismiss because the jurisdictional issue raised by the United States is not separable from the merits of Plaintiff's complaint.

On September 5, 2008, the United States filed a reply. Dkt. 12. The United States contends that the independent contractor exception applies because Plaintiff fails to demonstrate that the United States oversaw "day-to-day operations" of the Barbershop. The United States further contends that Plaintiff's allegations that the water may have caused Plaintiff's infections are improper because (1) Plaintiff failed to include this claim in his complaint, (2) even if there was an issue with the water quality, Gino Morena would be liable because it was under contractual obligation to ensure sanitary conditions at the Barbershop, and (3) Plaintiff's allegations of poor water quality were not included in his administrative claim. Finally, the United States contends that its motion to dismiss for lack of subject matter jurisdiction is not intertwined with the merits of Plaintiff's action.

## II. DISCUSSION

**A.      Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

Plaintiff urges the Court to deny the United States' motion to dismiss because "the material facts, whether the Army is in fact culpable[,] go to the merits of the case . . . [and] it is clear that the issue of jurisdiction and substance are so intertwined that the Court cannot separate the jurisdictional issue from the merits." *Id.*, 5-6.

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A review of the complaint shows that the merits of this claim are separable from consideration of the Court's jurisdiction. Consideration of the United States' motion to dismiss on the basis of lack of subject matter jurisdiction will not involve an improper "intertwining" of jurisdictional and substantive issues. The Court can determine whether Gino Morena is an independent contractor for the purpose of determining whether the "independent contractor exception" under the FTCA applies, and thus whether subject matter jurisdiction exists, without considering Plaintiff's injuries or the merits of his tort claims.

In order to determine whether subject matter jurisdiction exists, the Court may look to the terms of the contract. The parties here do not dispute the existence of a contract between the United States and Gino Morena. As will be discussed below, the Court must determine whether Gino Morena was an independent contractor or an agent of the United States in order to determine whether the United States has waived its sovereign immunity under the FTCA. *See Williams v. United States*, 50 F.3d 299, 303-305 (4th Cir. 1995) (finding that, under circumstances similar to this case, the district court should have dismissed the plaintiff's case under the FTCA on the basis of lack of subject matter jurisdiction rather than on summary judgment); *see generally Autrey v. United States*, 424 F.3d 944 (9th Cir. 2005) (looking to the terms of the contract to determine whether the district court had subject matter jurisdiction).

**B.     Plaintiff's Claims Against the United States Army**

The United States moves the Court to dismiss Plaintiff's claims against the Department of the Army because the Army may not be sued under the FTCA. Plaintiff did not address this issue in his response.

Liability under the FTCA applies exclusively to the United States, and does not extend to agencies of the United States. 28 U.S.C. § 2679(a), *see also* 28 U.S.C. § 1346(b). "The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995).

Accordingly, all of Plaintiff's claims under the FTCA against the Department of the Army are dismissed.

**C.     Plaintiff's Claims Against the United States Alleging Negligent Supervision of Gino Moreno and Liability for Gino Morena's Alleged Negligent Acts or Omissions under the FTCA**

The United States moves the Court to dismiss Plaintiff's claims against the United States based on the "independent contractor exception" under the FTCA.

Under the FTCA, the federal government is liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment,

"in accordance with the law of the place where the act or omission occurred." *Autrey v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (citing 28 U.S.C. § 1346(b)(1) and § 2674). "The language of 28 U.S.C. § 1346(b) is unambiguous, covering injuries caused by the negligent or wrongful act or omission of any employee of the Government." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA defines government employees to include officers and employees of any federal agency, but excludes "any contractor of the United States." *Id.* at 813-814.

To determine whether a party is an independent contractor or an agent of the federal government under the FTCA, courts look to the terms of the contract between the party and the federal government. *See Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). A party may be considered an independent contractor pursuant to the FTCA even if contractual provisions "fix specific and precise conditions to implement federal objectives," including "standards designed to secure federal safety objectives." *Autrey*, 424 F.3d at 957 (citations omitted). "The critical test for distinguishing an agent from a contractor is the existence of federal authority to control and supervise the 'detailed physical performance' and 'day-to-day operations' of the contractor." *Id.* at 956 (*quoting Hines v. United States*, 60 F.3d 1442, 1446 (9th Cir. 1995)). A contractor's status is not changed from independent contractor to agent or employee unless the federal government exercises "substantial supervision over the day-to-day operations of the contractor." *Id.* at 957 (*quoting Orleans*, 425 U.S. at 816). "Courts are not free to 'abrogate the [independent-contractor] exemption' for the negligent acts of contractors regardless of whether there is a good reason for so doing." *Id*. (*quoting Hines*, 60 F.3d at 1447 (internal citations omitted)).

Here, Plaintiff contends that the independent contractor exception does not apply because Plaintiff's injuries were caused not only by the negligence of Gino Morena, but also "the negligence of the United States Department of the Army and its failure to ensure and maintain sanitary and hygienic conditions at the Barbershop." Dkt. 10, 1-2. Plaintiff

also contends that the exception does not apply because "the strict guidelines as to procedure and practices [were] forced upon Gino Moren[a] by the United States Army, subject[ing] the United States to liability under the FTCA." *Id.* at 2. Specifically, Plaintiff contends that the independent contractor exception does not apply because the United States provided specific detail as to how Gino Morena was to perform its work, "including but not limited to, where the workers are exposed to communicable diseases, how to dispose of hair, sanitize equipment, and preparing hot compresses," as well as instructions as to how Gino Morena was to clean the Barbershop.

In support of Plaintiff's argument that the independent contractor exception does not apply, Plaintiff cites two cases: *Pumphrey v. Manor Real Estate & Trust Co.*, 176 F.2d 414 (4th Cir. 1949)*,* and *Schetter v. Housing Authority*, 132 F. Supp. 149 (W.D. Pa. 1955). These cases are not precedential on this Court.

The record shows that Gino Morena was not an agent of the United States under the FTCA because it was given control over the day-to-day operations of the Barbershop, and because Plaintiff fails to demonstrate that the United States was involved in day-to-day operations. Thus, the independent contractor exception applies as to Gino Morena's alleged negligent acts or omissions relating to its operation of the Barbershop, as covered by the contract entered into by Gino Morena and the United States. This conclusion is supported by *Autrey* and other case law in the Ninth Circuit, as well as a Fourth Circuit case, *Williams*.

In *Autrey*, victims of a wildfire who had filed suit under the FTCA, alleging negligence against the United States for failing to maintain firebreaks, appealed a district court's dismissal for lack of subject matter jurisdiction. *Autrey*, 424 F.3d at 948. The Ninth Circuit affirmed the district court's dismissal, holding that the independent contractor exception applied because the United States had delegated responsibility for fire protection to a contractor. *Id.* at 957. The Ninth Circuit concluded that because the government did not direct the actual performance of the contractor or supervise or direct

day-to-day operations, the contractor had not become a "*de facto* government employee" so as to trigger the United States' waiver of sovereign immunity under the FTCA. *Id.*; *see also Letnes v. United States*, 820 F.2d 1517, 1518-1519 (9th Cir. 1987) (finding that the independent contractor exception applied when the United States did not supervise day-to-day operations of pilots, even though the governing contract included such provisions as mandating compliance with safety regulations and setting maximum work hours).

In *Williams*, the plaintiff alleged negligence against the United States after she sustained injuries from a slip and fall in a building leased by the United States. *Williams*, 50 F.3d at 302. The Fourth Circuit held that the independent contractor exception applied because the United States had delegated to a contractor responsibilities to maintain the building with respect to repair, cleanliness and safety. Specifically, under the contract, the contractor was "fully responsible for the management, operation, maintenance and support operations" of the building premises; the contractor was also "responsible for the day-to-day inspection and monitoring of work performed to ensure compliance with the contract requirements." *Id.* The Court based its holding in part on its finding that the United States exercised no day-to-day control or supervision over the contractor's employees, but rather "the contract specified that '[the contractor] was to provide all management, supervision, labor, materials, [etc.].'" *Id.* at 303 and 307.

Similarly, in this case the United States delegated the responsibilities of operating the Barbershop solely to Gino Morena. Plaintiff has not offered any evidence, nor has he argued, that the United States was involved in the day-to-day control or supervision of the Barbershop. The contract between the United States and Gino Morena delegated responsibilities associated with the day-to-day operation of the Barbershop to Gino Morena, including employment decisions, payroll, purchasing, and maintenance and sanitization of the Barbershop. Plaintiff's contention that the detailed instructions and nuances provided to Gino Morena are sufficient to overcome Gino Morena's independent contractor status is without merit. As discussed above, the United States may impose

detailed regulations; the independent contractor exception is not overcome unless the United States exercises day-to-day control or supervision over the contractor or its employees. [1]

Thus, the United States cannot be held liable for Gino Morena's negligent acts or omissions related to Gino Morena's operation of the Barbershop as delegated by the contract. Plaintiff's claims that the United States is liable for Gino Morena's acts or omissions, based on the theory that Gino Morena is an agent of the United States, are dismissed on the basis of lack of subject matter jurisdiction. Specifically, the United States cannot be held liable for alleged negligent acts that were specifically delegated to Gino Morena, including, but not limited to, Gino Morena's alleged failure to maintain a sanitary premises and sanitary equipment, its alleged failure to comply with applicable safety and hygienic standards and regulations, and its alleged failure to exercise ordinary care to keep the barber service reasonably safe, hygienic, and sanitary. In addition, because Gino Morena was an independent contractor, Plaintiff's claim that the United States negligently supervised Gino Morena is dismissed.

**D.     Plaintiff's Claim Alleging Negligence Against the United States Arising from Possibly Contaminated Water or Sewage System**

In his response, Plaintiff contends that dismissal would be improper because there are pertinent facts bearing on the issue of jurisdiction, and thus discovery should be allowed. Plaintiff contends that there is "an array of pertinent facts bearing on the question of jurisdiction . . . includ[ing] but not limited to the Army's control over the water, sewage and sanitation system at [Fort Lewis]." Plaintiff further contends that "[t]here is a high probability that the infection was in fact caused by contaminated water or sewage system at the base."

---

[1] Plaintiff also argued that the United States "forced" the contract upon Gino Morena. Plaintiff offered no support for this contention.

ORDER - 11

In opposition, the United States contends that dismissal is warranted despite Plaintiff's allegations of contaminated water because (1) Plaintiff failed to include this claim in his complaint, (2) even if there was an issue with the water quality, Gino Morena would be liable because it was under contractual obligation to ensure sanitary conditions at the Barbershop, and (3) Plaintiff's allegations of poor water quality were not included in his administrative claim.

The Court concludes that Plaintiff's claim under the FTCA as it relates to an injury that is alleged to have resulted solely from the United States' act or omission should not be dismissed on the basis of lack of subject matter jurisdiction. Taking the Plaintiff's allegations as true, the Court cannot rule at this time that the United States delegated responsibility for ensuring the safety of the water at the Barbershop (which is presumably pumped in from a Fort Lewis water distribution system) to Gino Morena. Though the contract delegated responsibility to Gino Morena to maintain a sanitary Barbershop, it did not likely require Gino Morena to test the water supply for contaminants. Additionally, the Court notes that the indemnity and hold harmless provision of Gino Morena's and the United States' contract excludes injuries "caused by or result[ing] solely from the acts or omissions of AAFES, its agents, representatives, or employees." It is not clear at this time whether the United States, AAFES, or another entity would be responsible in the event the water supply was contaminated.

Plaintiff's civil complaint and administrative claim were sufficient under notice pleading standards and the requirements of 28 U.S.C. § 2675(a) to put the United States on notice of a claim alleging that contaminants in the Barbershop water supply may have caused Plaintiff's injury. First, Federal Rule of Civil Procedure 8(a), adopted in 1938, replaced the old "code pleading" regime under which plaintiffs had been required to plead detailed factual allegations in the complaint, or risk having their complaints dismissed on demurrer. Under the more relaxed "notice pleading" requirement of Rule 8(a), a plaintiff is not required to plead detailed facts. Under Rule 8(a), a plaintiff is required only to

"advise the other party of the event being sued upon, . . . provide some guidance in a subsequent proceeding as to what was decided for purposes of res judicata and collateral estoppel, and . . . indicate whether the case should be tried to the court or to a jury. No more is demanded of the pleadings than this." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1202 (2008).

Second, "Section 2675(a) requires that a claimant or his legal representative file (1) a written statement [i.e. an administrative claim] sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. United States Dep't of the Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984). Plaintiff's administrative claim and complaint both sufficiently placed the United States on notice of Plaintiff's factual allegation that the water system may have been contaminated, which in turn allegedly caused Plaintiff's injuries. Plaintiff alleged that he suffered an injury when the back of his neck was nicked during a barber appointment; at the time of filing the claim or complaint, Plaintiff could not be expected to know whether the injury he suffered resulted from unsanitary equipment, contaminated water, the barber's negligence, or another cause.

For these reasons, the Court denies the United States' motion to dismiss as to Plaintiff's allegations that his injuries may have been caused solely by the United States' own acts or omissions. Having found that Gino Morena is not an agent of the United States, the Court emphasizes that the United States is a proper party to this suit only to the extent that Plaintiff alleges that the United States acted negligently by acting or failing to act in a manner not covered by the contract.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the United States' Motion to Dismiss (Dkt. 8) is **GRANTED in part** and **DENIED in part**, as follows:

1. The United States' Motion to Dismiss the Department of the Army as a defendant in this case is **GRANTED**, and all claims against the Department of the Army are **DISMISSED WITH PREJUDICE**;

2. The United States' Motion to Dismiss Plaintiff's claim against the United States based on contaminated water supply or sewage system is **DENIED**, and that claim may proceed; and

3. The United States' Motion to Dismiss as to all other claims against the United States based on Gino Morena's negligent acts and negligent supervision is **GRANTED**, and all remaining claims against the United States are **DISMISSED with prejudice**.

Dated this 8th day of October, 2008.

BENJAMIN H. SETTLE
United States District Judge